Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 1. The first question which arises in this case, is whether the Levy Court of Washington County has a legal capacity to be sued in a court of justice.
 

 The Levy Court is the body charged with the administration of the ministerial and financial duties of Washington County. It is charged with the duty of laying out and repairing roads, building bridges, and keeping them in good order, providing poor-houses, and the general care of the
 
 poor;
 
 and with laying and collecting the taxes which are necessary to enable it to discharge these and other duties, and to pay the other expenses of the county. It has the capacity to make contracts in reference to any of these matters, and to raise money to meet these contracts. It has perpetual succession. Its functions are those which, in the several States, are performed by
 
 “
 
 county commissioners,” “ overseers of the poor,” “ county supervisors,” and similar bodies with other designations. Nearly all the functions of. these various bodies, or of any of them, reside in the Levy Court of Washington. It is for all financial and ministerial
 
 *508
 
 purposes the County of Washington. If not a corporation in the full sense of the term, it is a
 
 quasi
 
 corporation, and can sue and be sued, in regard to any matter in which, by law, it has rights to be enforced, or is under obligations which it refuses to fulfil. This principle, a necessary one in the enlarged sphere of usefulness which such bodies are made to perform in modern times, is well supported by adjudged cases.
 
 *
 

 2. 'We are next called upon to determine, whether the fees of the coroner of Washington County, and of the jurors and witnesses who'attend at his summons upon the inquests held in the county, and which cannot be- made out of the estate of the decedent, are by law payable by the Treasury of the United States, or by the Levy Court of said county.
 

 It is contended by counsel for plaintiff in error, that these fees are payable out of the public treasury. The main reason on which the claim is founded is, that the fees mentioned in the third section are confessedly paid from that source. Hence it is argued that all the fees embraced in the same act, are by necessary intendment, payable from the same source, unless a contrary intention is expressed. And in support of this view, counsel says: “No one ever doubted that under this section” (the third) “the fees of jurors and witnesses in the Criminal Court were to be paid by the United States, although it is not so expressed.”
 

 It may be asked if the act does not express that these fees are to be paid out of the public treasury, upon what principle is it so universally conceded that they are to be thus paid ? The answer is, , because they were paid by the United States before the passage of that law; and while the lawmakers found it necessary to provide that officers, witnesses, and jurors, rendering services in a new court, of the same kind which they had formerly rendered in the Circuit Court, should receive the same compensation, they took it for
 
 *509
 
 granted that the compensation would come from the same quarter as before.
 

 An extension of this reasoning to the fees provided in the eighth section, -where Congress desires to' increase the compensation of the coroner, leads us to the conclusion that these fees were also tó be paid from the same source they were formerly, namely, the Levy Court. It seems to us that the inference from the fact, that Congress made no mention of the source of payment for these fees, is that they did not intend to make'any change in the rule on that subject. In regard to the fees payable to the coroner for his own services, there appears to be no room for doubt. And although the fees allowed to witnesses and jurors owe their existence to this act, and were therefore never before payable, either by the Levy Court, or by the United States Treasury, we cannot doubt that they must follow in that respect the fees of the coroner. They relate to the same kind of service, rendered in the same' cases, and are provided for in the same sentence of the act which increases his fees. It would require positive language in the act to enable us to hold that while the coroner’s fees for an inquest are payable by the Levy Court of the county, those of the jurors and witnesses summoned to serve on the same occasion, are to he paid by the Treasury of the United States.
 
 *
 

 We are, therefore, of opinion that the fees allowed by the eighth section of the act of 1838, which cannot be made out of the estate of the deceased, should be paid by the Levy Court of Washington County.
 

 3. Certain fees paid by the coroner to witnesses and jurors were allowed by the court, in case's where the fees for his own services were disallowed on the ground that the inquests were held in cases not provided for by law.
 

 It is alleged for error, that the sums paid by him to witnesses and jurors in these cases were allowed him.
 

 The eighth section of the act already quoted says, that
 
 *510
 
 these fees shall be allowed “to witnesses and jurors who may be lawfully summoned.” It would be a very forced construction of this provision, as well as .unjust, to hold that this lawfulness depends upon any other fact than the regular service of the summons by a lawful .officer. The jurors and witnesses are compelled, when thus summoned, to obey the writ. They have no right to consider whether the summons issued on a proper state of facts as they might appear to the coroner, nor the means of deciding it, if they had the right. "When witnesses and jurors thus summoned actually attend, they are entitled to their fees. It can make no difference in the justice or legality of the claims whether they are presented by the witnesses and jurors to the Levy Court, or whether they are first paid'by the coroner and presented by him. He loses enough by his mistake in judgment, when he is refused compensation for his own services, without being compelled to lose what he has advanced for the public service.
 

 "We discover no error in the record, and the judgment of the Circuit Court is, therefore,
 

 Aeeirmed.
 

 *
 

 Inhabitants, &c.,
 
 v.
 
 Wood, 13 Massachusetts, 192; Bradley
 
 v.
 
 Case, 3 Scammon, 608; Overseers of Pittsburg
 
 v.
 
 Overseers of Plattshurg, 18 Johnson, 407; Overseers, &c.,
 
 v.
 
 Birdsale, 1 Cowen, 260; Jansen
 
 v.
 
 Ostrander, Id. 670; Commonwealth v. Green, 4 Wharton, 598.
 

 *
 

 See Attorney-General Cushing’s opinion, 6 Opinions of Attorneys-General, 661.