JANUARY TERM, 1871. 399

President and Commissioners, &c., v. State, ex rel. Board, &c.

PRESIDENT AND COMMISSIONERS OF REVENUE
. &c., vs. STATE, ex rel. BOARD FOR IMPROVE-
MENT OF HARBOR OF MOBILE, &c.

[APPEAL FROM ORDER GRANTING MANDAMUS,]

1. *Act " to provide for improvement of the river, bay and harbor of Mobile,"
   approved February 16, 1867 ; not violative of section 25, article 1, nor of
   section 2, article 9, of the constitution.*—The act of the legislature "to
   provide for the improvement of the river, bay and harbor of Mobile,"
   approved February 16, 1867, does not violate section 25 of article 1 of
   the constitution, respecting the taking of private property for public
   use, &c. ; nor section 2, article 9, forbidding the delegation of the
   power to levy taxes to individuals or private corporations.
2. *Amendments to constitution, by convention of 1865 ; force and effect of.*
   The amendment and revision of the constitution of 1819, made in the
   year 1865, not being made in conformity to the constitution, can have
   no force as constitutional provisions.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOT.

THE appellees applied for a rule against ;the appellants
to show cause why a peremptory *mandamus* should not
issue requiring them to issue bonds to the extent of two
hundred thousand dollars, to be applied for the improve-
ment of the river, harbor and bay of Mobile, as provided
for in the act approved February 16, 1867, " to provide
for the improvement of the river, harbor and bay of Mo-
bile," passed by the general assembly of the State of Ala-
bama. The act referred to is as follows :

" AN ACT to provide for the improvement of the River,
                Bay and Harbor of Mobile.

" SECTION 1. *Be it enacted by the Senate and House of Rep-
resentatives of . the State of Alabama in General Assembly
convened,* That the president of the court of county com-
missioners of revenue of Mobile county ; the mayor of the
city of Mobile ; the president of the bank of Mobile ;

the president of the Mobile chamber of commerce, and one citizen of the county of Mobile, to be appointed by the governor of the State, and their successors in office, are hereby constituted a board for the improvement of the river, harbor and bay of Mobile.

"SEC. 2. *Be it further enacted*, That the president and commissioners of revenue of Mobile county, are hereby required to issue bonds for the amount of one million of dollars, to be issued and made payable as they may deem proper, to be delivered to the said board, for the improvement of the river, harbor and bay of Mobile, whenever they may require them, and said court are required and shall levy and cause to be collected, such tax as may be deemed proper, to pay such bonds.

"SEC. 3. *Be it further enacted*, That said board for the improvement of the river, harbor and bay of Mobile, are hereby authorized to receive such bonds and apply them, or the proceeds of them, to the improvement, cleaning out, deepening and widening of the river, harbor and bay of Mobile, or any part thereof, or the making an artificial harbor, and such improvement, cleaning out, deepening and widening or any part thereof, or all of it; or the making an artificial harbor, shall be made in such manner as the said board may direct, and for that purpose they may make any rules and regulations, and assess the dues or tolls to be collected on vessels or water crafts, and do any act they may deem proper to effect the objects of this act.

"SEC. 4. *Be it further enacted*, That in addition to the foregoing powers, the said commissioners are vested with the authority to purchase and condemn lands, according to the provision of section thirteen of an act, for the improvement of the bay and harbor of Mobile, approved February 21st, 1860; and to take and receive all moneys, papers, books, records and surveys, and all property pertaining to said commissioners, in said act, and the city of Mobile shall be vested with the title of all lands made by the deposits of all excavations in the progress of this work as provided for in said act, and the commissioners designated in this act, and all officers, clerks and employees,

shall be subjected to, and be held liable to the duties, penalties and punishments provided for in the fifteenth section of the said act.

" SEC. 5. *Be it further enacted*, That all acts conflicting with this act, be and same are hereby repealed.

"Approved, February 16, 1867."

The appellants, in answer to the rule, set up, among other things—

1st, That the said act is unconstitutional and void, because it is mandatory on the defendants, leaving them no discretion or judgment as to the levy of the tax, etc.

2d, That it is unconstitutional and void, because it is amendatory and revisory of the act of February 21, 1860, and the act of 1860 is not set out as required by the second section of article four of the constitution of the State.

On the hearing, the court made the rule absolute, &c., and hence this appeal.

C. W. RAPIER, for appellants.—The sections of the constitution to which these acts are repugnant are, Art. I, sec. 25, and Art. IX, sec. 2.

The exaction provided by the second section of the act of 1867, is not a *tax* within the meaning of this term.—Cooley's Const. Lim. 495; 1 Black. Tax Sales, 12, *et seq.;* 2 Kent, 331; 6 Barb. 216, 217; 1 Pacif. Law Mag. 229; Brightley's Fed. Dig. 159, sec. 447.

The exaction is the exercise of the power of eminent domain, and there is no provision for compensation for the property proposed to be taken.—Cooley, 559; 4 Cov. 423, 424; Cooley, 50 ¾, note; 8 Mich. 278; 1 Blackwell, 7; 4 Comst. 424; March No., 1870, Law Reg. 154, and note; 8 Wend. 101, at bottom of page; 9 Dana, 517; 10 Wis. 258, 259; 11 Johns. 87; 3 Wend. 266; 8 Am. Law Reg. 411; 4 Hill, 82, 83.

Money is property, and the collection of every tax or assessment is taking property in some mode.—6 Barb. 214, 215; 4 Comst. 422.

Under the American theory of government, taxation is based upon the consent of the people, expressed or implied.—Cooley, 117, note; Locke Civ. Gov. § 142.

That the people of Mobile county consented in this case, does not appear, nor can it be implied.

Counties are different from ordinary municipal corporations.—Cooley, 240 ; 2 Kent, 278.

The act in question is unparalleled in the legislation of American States. It is difficult to classify it ; it is not a law, for it prescribes no rule of action ; it is not an act of incorporation.

But it is contended that, in the absence of constitutional restrictions, the legislature is unlimited in the taxing power. The weight of authority is overwhelmingly against this position.—Cooley, 487, 488 ; Sedgewick, 674 ; 9 Dana, 516, 517 ; 8 Am. Law Reg. 415 ; March No. Law Reg. 172, and notes ; 22 Mis. 384 ; 32 Conn. 118, 127 ; 9 B. Mon. 342 ; 21 Penn. 168, 169 ; 8 Iowa, 91, 92 ; 3 Dana, 31 ; 51 Penn. 19, 22.

See comment upon the case of *The People v. Mayor of Brooklyn*, 4 Comst. 419, and case in 7 Wall.

That the tax is wrong, &c., see 4 Comst. 430, 481.

The mere statement that a county should pay the whole expense, invalidates the act.—10 Wis. 259 ; 9 Dana, 517.

In reference to the removal of obstructions in rivers, see § 1441 Revise Code.

Second ground of constitutional objection.—See Art. IX, sec. 2, Const. Ala.

P. HAMILTON, and A. R. MANNING, *contra.*—The act of February 16, 1867, " to provide for the improvement of the river, harbor and bay of Mobile," is not unconstitutional on the first ground alleged in the answer of appellants, to-wit: because " it is mandatory upon said county commissioners of revenue that they shall, upon the requisition of the harbor board," issue and deliver bonds and levy a tax to pay them, as provided in said act.

1. The entire sovereignty of the people of Alabama, and all sovereign acts, are exercisable by the legislature of the State, except so far as it is restrained by the constitution of the State or the constitution of the United States.—Cooley Const. Lim. 87, 88, 168, 169 ; *People v. Draper*, 15 N. Y. 543, 544, 535 ; 27 Penn. 142 ; 32 Conn. 127.

2. Such sovereign power embraces within its jurisdiction the entire territory and people of the State, and of all the parts thereof, however those parts may be geographically or politically divided. There is in the State no *imperium in imperio ;* no sovereignty or inherent authority of any of the parts in or over such parts. No municipal or other division of the State can exercise any authority, except such as is conferred upon or permitted to it by by the sovereign power of the State.—*City Council of Montgomery v. M. & W. P. R. R. Co.,* 31 Ala. 75 ; 31 N. Y. 582, 583 ; *People v. Draper ;* Cooley Const. Lim. 169 ; *Stein v. Mayor, &c., of Mobile,* 24 Ala. 591.

3. The statute is not in conflict with the clause of the constitution which prohibits the taking of " private property for public use " without compensation ; because not an exercise of the power of " eminent domain."—4 Comst. 422, 423, 424, 425 ; 35 Barb. 193 ; 31 N. Y. 582, 583 ; 36 Ala. 439 ; 32 Conn. 130.

4. " This vital power of taxation," says Chief Justice Marshall, " may be abused ; but the interest, wisdom and justice of the representative body, and its relations with its constituents, furnish the only security against unjust and excessive taxation, as well as unjust legislation."—*Providence Bank v. Billings,* 4 Pet. 561. " The only security against the abuse of this power is found in the structure of the government." * * * " The people of a State, therefore, give to their government a right of taxing themselves and their property ; and as the exigencies of government cannot be limited, they prescribe no limits to the exercise of this right."—4 Wheat. 428 ; Cooley Const. Lim. 479, 488 ; 24 Ala. 614.

5. It is not only competent, but just, that the legislature should charge the burden of a public work of improvement upon the people and property of such county, town, or local district, as is to be benefitted by it.—*The People v. Mayor of Brooklyn,* 4 Comst. 328, 433 ; Cooley Const. Lim. 231, 232, 233, 168, 169 ; *Stein v. Mayor, &c., of Mobile,* 24 Ala. 516.

6. And the courts are bound to consider that in doing so, the legislature has acted discreetly, and upon reasons

of public interest only.—4 Comst. 431, 432 ; Cooley Const. Lim. 167, 168, 169.

7. It certainly does not appear by such enactment, that there is any violation of the constitution of the State of Alabama or of the United States, any disregard of " natural rights," any exercise of power for other than a " public good," or any want of " deference to the public opinion," of the county for whose benefit and at whose charge the work is to be done. Nor is there any private corporation, or stockholders, to be enriched by a grant to them of the bonds or proceeds in this case.

8. As to that which relates to the non-recital, in the act of 1867, of sections of the act of 1860, it is sufficient to say that the former statute is a substantive enactment by itself ; and is not intended to be an amendment or revision of the latter, however its provisions may be inconsistent with that or any other law, and therefore may repeal them.—See *Ex parte Pollard & Woods*, 40 Ala. 100 ; *Davis v. The State*, 7 Maryl. 159 ; Cooley Const. Lim. 151, 152. ·

9. By the references to sections 13 and 15 in the act of 1860, these are no more " amended or revised," (which words, as used in the constitution, mean the same thing, or a revision for the purpose of amending,) than any section of the Code would be amended or revised by a reference to them, in a later statute, for the purpose of defining new rights, or prescribing a mode of asserting them. Very many statutes. of every session of the legislature, make such references for such purposes, as the act in question does, without thereby *amending* or *revising* previous laws.

10. The statute of 18.0, which creates the board for the special purposes mentioned in it, does not require that the persons composing the board should take any oath. They are supposed to be sufficiently identified in interest with the people of Mobile, by their positions and residence there. In the board created by the act of 1860 was an official of the United States, who might not be so identified ; and it was composed of fewer persons. That board was entirely abolished, and the new one was completely constituted, by the act of 1867.

B. F. SAFFOLD, J.—The appeal is taken from an order of the judge of the circuit court, by *mandamus* requiring the appellants to issue to the appellees two hundred thousand dollars of bonds on the credit of Mobile county, for the purposes expressed in an act of the legislature " to provide for the improvement of the river, bay and harbor of Mobile," approved February 16, 1867.

The act creates a board, composed of the president of the court of county commissioners of Mobile county, the mayor of the city, the president of the bank of Mobile, the president of the Mobile chamber of commerce, and one citizen of the county of Mobile, to be appointed by the governor of the State, and their successors in office, which is charged with the duty of cleaning out, deepening, and widening, the river, harbor and bay of Mobile, or any part thereof, or the making of an artificial harbor, in such manner as the board may direct. To accomplish this, the board is authorized to make any rules and regulations, and assess the dues or tolls to be collected on vessels or water crafts, and do any act it may deem proper to effect the object.

To pay the cost of this work, the president and commissioners of revenue for Mobile county are required to issue bonds for the amount of one million of dollars, to be issued and made payable as they may deem proper, to be delivered to the said board on demand. The bonds are to be paid by the levy and collection of such taxes as the said court of county commissioners may deem proper.

It is claimed by the appellants that this act is in contravention of the 25th section of article 1, and the 2d section of article 9, of the State constitution.

The first section referred to forbids the taking of private property for public use, without just compensation, or for private use, or for the use of corporations other than municipal, without the consent of the owner ; except that laws may be made to secure the right of way to persons or corporations, and for works of internal improvement, the right to establish depots, stations, and turnouts, upon just compensation. The second restrains the legislature from delegating power to levy taxes to individuals or private corporations.

The powers conferred by the act are very extensive, and are not so guarded as to prevent the possibility of oppression upon the citizens of Mobile. The authority given to the board to assess dues or tolls on vessels may, by its latitude of expression, trench on the constitution of the United States; but as a narrow field for the exercise of such power may exist, it should not be pronounced void on that account. Even if it be a delegation of the taxing power to individuals or private corporations, that portion of the act only need be vitiated.

Taxation is an exercise of political power, and is restricted by our State constitution only when in such excess as would constitute the taking of property for which compensation must be made, or so unequal as to descend to proscription or favoritism. The boundaries of such limitations must of necessity be shadowy. As the legislature has equal authority to construe the constitution, good order and propriety require that the courts should not declare its enactments unconstitutional, especially in matters of this kind, unless they are manifestly so.

The act may be regarded as a legislative determination that the undertaking was practicable and expedient. Its performance was entrusted to a board which, it would seem, well represented both the people and the property of the county. The work is public in its character and effects; its cost is to be defrayed by taxation not so excessive in amount as to deprive it of that appellation, or so restricted as to induce the imputation of compelling a single district to assume and discharge a State obligation, in view of the immediate benefits which promise to accrue to Mobile county. The power to tax is delegated to a municipal corporation charged with the general interests of a like character of all of its citizens.

The construction of highways and bridges, and the removal of obstructions from navigable streams, and even more extended improvements, have always been regarded as legitimate objects of public expense.

The numerous authorities which may be cited fail to discover any satisfactory test of the limits of legislative action respecting this matter. We therefore decide simply, that

the act in question does not violate the provisions of the constitution referred to.

The judgment is affirmed.

NOTE BY THE REPORTER.—The following response was made to an application for re-hearing by appellant. The application did not come into Reporter's hands, and he can not, therefore, state the grounds on which it was based.

B. F. SAFFOLD, J.—The act to provide for the improvement of the river, harbor and bay of Mobile, passed February 16, 1867, is an independent law, and not an amendment or revision of the law on the same subject, passed February 21, 1860. It refers to that law, and appropriates portions of its 13th and 15th sections. It is complete in its provisions, and does not need the support of the other, except as stated. It contains no requisition of an oath to be taken by the members of the board.

It was enacted before the adoption of the present constitution, and therefore is not amenable to Art. 4, sec. 2, which directs how laws shall be amended or revised.

The amendment and revision of the constitution of 1819, which was made in 1865, was not made as directed by the constitution. The alterations were never ratified by a vote of the people, and the State government under which they were made was declared by Congress to be provisional only. We therefore hold that, as constitutional provisions, they were without effect.

We can only repeat, that no precise test of limitation, whether constitutional or otherwise, of the powers of the legislature to tax, is supplied; and the taxation authorized by this act is not so excessive or unequal as to be manifestly unconstitutional, or contrary to the principles of right and justice.

A re-hearing is denied.