# King and Hogan *v.* Harbor Board.

### *Appeal from Order striking Case from Docket.*

1. "*Board for Improvement of River, Bay and Harbor of Mobile;*" *quasi corporation.*—"The Board for the Improvement of the River, Bay and Harbor of Mobile," created by act of the General Assembly, approved February 16, 1867, is not a private .corporation, but a *quasi* corporation for the performance of public duties; and the persons composing it are not individually liable for contracts lawfully made by it, in pursuance of the purposes for which it was created.

2. *Striking cause from docket; when error.*—It is error to strike from the docket a suit against a *quasi* corporation, on motion of a person appearing as *amicus curiæ*, before plea or appearance, on the ground that all the persons composing the corporation were not served with process; if any motion by an *amicus curiæ* be proper in such a case, it could only have been to set aside the service.

3. *Quasi corporation; what sufficient service on.*—Where the act creating a *quasi* public corporation does not provide for organization with any head officer, service upon all the members will be sufficient, in the absence of proof of organization; and it would seem, that service upon a majority of the members would be equivalent to service on an inferior officer.

4. *Revised Code, sections 2568-9; construed.*—Sections 2568-9 of the Revised Code, while adopted more particularly with reference to service of process on organized private corporations aggregate, are not confined to them, and were designed to be remedial in their nature, by making service, in the contingencies mentioned therein, on a person not the president or head officer, as valid as if made on such person.

APPEAL from Circuit Court of Mobile.

Tried before Hon. JOHN ELLIOTT.

The appellants, King and Hogan, brought this action, on the 31st day of March, 1873, against the appellee, which was described in the complaint as "The Board for the Improvement of the River, Harbor and Bay of Mobile, composed of Moses Waring, C. F. Moulton, Charles Walsh, and Caleb Price; said board being a corporation created under an act of the General Assembly of the State." The complaint claimed of "the defendant" five thousand dollars for certain work done by plaintiffs, under contract with the board, in Mobile river. The sheriff's return showed that he had

[King and Hogan v. Harbor Board.]

served a copy of the summons and complaint on Moses Waring, Caleb Price, C. F. Moulton, and Charles Walsh, on the nineteenth day of the same month. While the case was in this stage, no appearance having been made or plea filed, Thomas A. Hamilton, Esq., as *amicus curiæ*, moved, on the 24th day of June, 1874, to strike the case from the docket, because it did not appear " that any process has been properly served according to law, to bring the alleged defendant into court;" *second*, because the " defendant is not liable to be sued in this way, under the statutes and laws of this State;" because the parties alleged to compose the Harbor Board, at the time the process issued, are not the parties who at that time in truth and in fact composed the Harbor Board.

The bill of exceptions then recites, " this being all the matter and evidence before the court," said motion was granted, and the cause stricken from the docket at the costs of the plaintiffs, and they excepted.

This ruling is now assigned as error.

BOYLES & OVERALL, for appellant, argued that the board had power to make the contract on which it was sued, at the time the contract was made and the action commenced; and referring to an act providing for winding up business of the Harbor Board and its dissolution, contended that it could not take away a vested right in the plaintiffs. Only a part of the brief came into the reporter's hands, and not that part relating to the action of the court in striking the case from the docket.

P. & T. A. HAMILTON, " attorneys appearing only to sustain the action of the court below," contended as follows: 1. The act creating the Board prescribes who its members should consist of. Moses Waring was removed by Governor Lewis. The court must take judicial notice of these facts. 11 Ala. 222; 17 Ala. 758; 19 Ala. 659. There is no such body as the Chamber of Commerce, whose president, according to the act, must be a member. These facts show that the persons named in the sheriff's return and complaint, did not compose the board.

If the board be a body corporate, no legal service has been made on it.—R. C. §§ 2568–2569. Service on all the members will not bring a corporation into court.—42 Ala. 24; 3 Day, 441. There is no authority for bringing this suit. The members of the board are officers charged with a public duty, and if they fail, they may be compelled to perform

[King and Hogan v. Harbor Board.]

that duty by mandamus.—2 Hill, 432; 52 Maine, 118; 44 Ala. 534. They do not form a corporation which can be sued (10 N. Y. 409), and at most can only be sued in the mode authorized by law.—9 Mass. 247; 44 Ala. 434. It was proper to dismiss the suit on suggestion of an *amicus curiæ*.—49 Ala. 69.

MANNING, J.—The body created by act number 451, approved February 16, 1867, and denominated a "Board for the improvement of the River, Harbor and Bay of Mobile," is a *quasi* corporation for the performance of duties of a public nature. It is not a private corporation.—*Jackson v. Hartwell*, 8 Johns. 330; *Overseers of Poor of Pittstown v. Same of Pittsburgh*, 18 *id.* 407; *Todd v. Birdsall*, 1 Cowen, 260, and note; *Jansen, Supervisor v. Ostrander, id.* 670; *Inh. Rumford v. Wood*, 13 Mass. 192; *Mobile County Commissioners v. State, ex rel. Harbor Board*, 45 Ala. 399; *Vankirk v. Clark*, 16 Serg. & R. 286; *Levy Court v. Coroner*, 2 Wall. 501; 1 Kyd on Corporations, 29–32.

The persons composing this board are not liable out of their individual property, for the price of work done or materials furnished for the benefit of the public, under a contract lawfully made by the board in performance of the duties for which it was constituted, merely because they made the contract. If an action on it be maintainable, it should be brought, as in this instance it was, against the board as a corporation.—*Flower v. Allen*, 5 Cowen, 670; *Lyon v. Adams et al.* 4 Serg. & R. 443; *Overseers of W. W. v. Overseers of S. W.* 3 Serg. & R. 117; *Levy Court v. Coroner, supra*.

Sections 2568 and 2569 of the Revised Code, authorizing a corporation to be sued by service of a summons on the "president, or other head thereof, secretary, cashier, or other managing agent," or—upon affidavit that they are unknown, or reside out of the State—upon "any white person in the employ of or doing business for such corporation," were adopted with reference more particularly to organized private corporations aggregate, though not limited to them. The service of a summons on the president, or other head of a corporation, was good, prior to these enactments, (Ang. & A. on Corp. § 637), and they were designed to render proceedings against such a body less difficult, by making service on a person not its president or head officer, as sufficient as if he were, and so were designed to be remedial in their character.

Now, the statute creating the Harbor Board does not provide for the organization of it with a president or any other head officer. It consists of only four members; one appointed by the governor, and the others by virtue of their holding certain offices. And the service of a summons upon all of these, would certainly have been good in the absence of any evidence of an organization, and service upon a majority of them, would seem to be at least equivalent to a service on an inferior officer of an organized corporation; though whether it is or not, we need not now decide.

It is argued that the members of this board being public officers, we must judicially know who they are, and must know that one of the persons mentioned as such in the complaint, and upon whom the summons was served, was not a member of the board when this suit was brought. But it does not follow, if this be admitted, that we know also that the complaint will not be amended if necessary, in this respect, and that an *alias* summons will not be served on the right person. Plaintiffs had the right to cause these things to be done; and it was not for a stranger to the suit, as *amicus curiæ*, to come in at this stage of the proceedings, and have the cause stricken from the docket, for the reason that one of the persons who composed the board had not been served with the summons. The motion, if proper at all, should have been to set aside the service; which, if granted, would not necessarily have put an end to the suit.

Whether the plaintiffs have or not a right of action on the facts of the case, against this Harbor Board, it would not be proper to determine upon the appeal from an order granting the motion referred to. The president and commissioners of revenue of Mobile county were required, on demand of the Harbor Board, to issue to it bonds of the county to a large amount; and the board was " authorized to *receive such bonds and apply them, or the proceeds of them*, to the improvement, cleaning out, deepening and widening of the river, harbor and bay of Mobile, or any part thereof," &c. If the plaintiffs have not shown by the allegations in their complaint that they have a right of action, under these provisions of the statute, against the board, perhaps the complaint may, before or after demurrer, be so amended as to show that they have.

Proceedings upon a writ of *mandamus* would not, at least before the passage of the act of February 26, 1876, (number 94), have afforded the means of deciding whether anything under the evidence is due to plaintiffs—and if there be, how

[Harris v. Powers.]

much is due, where these questions involved the matters in dispute. And if the solution of them could not be obtained in the proceeding by *mandamus*, we are not prepared to say, upon a motion to strike the cause from the docket, that an action at law would not lie against the board for the determination of such questions.—*Levy Court v. Coroner, supra.*

Nor do we think it proper to decide now what would be the effect upon such an action then pending, of the two acts of April 19, 1873, (numbers 248 and 249), providing for the settlement of the business of the Harbor Board and its dissolution.

The order striking the cause from the docket of the Circuit Court was erroneous, and must be reversed, and the cause remanded.