JOHN ENGLISH, WHO SUES, &c., v. MAYOR AND ALDERMEN OF JERSEY CITY.

1. The "street commissioners of Greenville," by virtue of the several acts of the legislature referred to, were a *quasi* corporation, and had power to seal the certificate of indebtedness sued on.
2. The certificate being the foundation of the action, "*nil debet*" not a good plea.
3. The plea of "*non est factum*" properly tenders the issue whether the specialty was lawfully sealed by the commissioners, and if so, whether it is the deed of the defendants by force of the act of February 4th, 1873.

---

In debt. On demurrer to pleas.

Argued at February Term, 1880, before the CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the plaintiff, *A. S. Jackson.*

For the defendants, *Leon Abbett.*

The opinion of the court was delivered by

VAN SYCKEL, J. The questions in this case arise upon demurrer to the pleas to a declaration on a sealed certificate of indebtedness executed September 30th, 1870, by the street commissioners of Greenville to the plaintiff for work done and materials furnished to them in execution of the office committed to them by statute.

The legislation upon which the authority to execute this certificate rests is as follows:

A supplement to the act creating the township of Greenville (*Pamph. L.* 1866, *p.* 903,) under which certain designated persons were appointed commissioners, to be called "commissioners of surveys," to map out streets and file the map with the town clerk.

A further supplement was passed (*Pamph. L.* 1868, *p.* 517,) by which other persons were appointed commissioners to complete the map made by the commissioners under the act of 1866. The cost of alterations to be paid by the party applying for them, and all other costs to be paid by the township committee.

By a further supplement (*Pamph. L.* 1869, *p.* 227, § 5,) it was provided " that the said commissioners or their successors in office may, in the name of 'street commissioners of Greenville,' maintain any suit at law or in equity to restrain the opening or dedication of such streets or avenues, or to carry out any object or intent of this act, and in like manner they may be sued for any debt or other liability they may incur, and any contract they may make pursuant to their powers, and any judgment that may be obtained against them, shall be of like effect as if lawfully made by or obtained against the inhabitants of the township of Greenville."

On March 10th, 1870, (*Pamph. L., p.* 389,) an act was passed, entitled " An act relating to the street commissioners of Greenville, Hudson county, New Jersey."

Section 3 authorizes them to issue improvement certificates to contractors in payment for work and materials.

The commissioners (Sections 3 and 5) were authorized to borrow $10,000, and to issue bonds therefor, out of which the improvement certificates were to be paid; and for the payment of these bonds the township committee were required to provide by taxation.

The power of the commissioners to execute the instrument sued on is denied by the defendant. The office created by these statutes is a public one, vested in certain designated per-

-sons and their successors, and these commissioners are there-fore to be regarded as a *quasi* corporation.

What is meant by a *quasi* corporation is well defined by Chief Justice Parker in speaking of school districts, in 13 *Mass.* 198 : " That they are not bodies politic and corporate with the general powers of corporations must be admitted; and the reasoning and authorities advanced to show this defect of power are conclusive. The same may be said of towns and other municipal societies, which, although recognized by various statutes and by immemorial usage as persons or aggregate cor-porations, with precise duties which may be enforced, and privileges which may be maintained by suits at law, are yet deficient in many of the powers incident to the general char-acter of corporations. They may be considered under our in-stitutions, as *quasi* corporations with limited powers, co-ex-tensive with duties imposed upon them by statute or usage, but restrained from a general use of the authority which belongs to these metaphysical persons by common law." *Angell on Corporations,* § 24 ; 2 *Kent's Com.* (6th ed.) 278 ; 2 *Potter on Corporations,* § 414.

These bodies have such corporate powers as are essentially necessary to enable them to carry out the purposes for which they were created. *Levy Court* v. *Coroner,* 2 *Wall.* 501 ; *Todd* v. *Birdsall,* 1 *Cowen* 260 ; *Overseers of Pittstown* v. *Overseers of Plattsburgh,* 18 *Johns.* 407 ; *Grant* v. *Fancher,* 5 *Cowen* 309.

By the supplements of 1869 and 1870, the corporate inci-dent of succession was expressly bestowed upon these com-missioners. They were also invested with the power to con-tract debts and to sue and be sued, and to issue bonds for a specified purpose.

It must have been the intention of the legislature that they should act in these respects as a corporate body and not as individuals.

Having a clear right to incur a debt for work done in exe-cution of their duties, the power to contract the obligation must carry with it authority to give a suitable acknowledgment of the indebtedness. *Ketchum* v. *Buffalo,* 14 *N. Y.* 356.

The power given by the act of 1870 to issue bonds implies the right to use a corporate seal.

The conclusion, therefore, must be that the instrument sued upon is well sealed, and upon this assumption the defendants by force of the supplement to the charter of Jersey City of February 4th, 1873, (*Pamph. L., p.* 203, § 3,) are liable upon this contract.

The pleas of the defendant are:

*First. Nil debet.*

*Second.* That the certificate of indebtedness is not the deed of the defendants.

*Third.* That according to the statute in such case made and provided, the time for the recovery by said plaintiff of the said supposed indebtedness has long since elapsed.

The first plea is bad, the deed being the foundation of the action, and not mere inducement. *State* v. *Leeds,* 2 *Vroom* 185; *Allen* v. *Smith,* 7 *Halst.* 159.

The second plea is well pleaded. The allegation of the plaintiff is that the instrument sued upon being sealed by the commissioners of Greenville, became, by force of the act of February 4th, 1873, the deed of the mayor and aldermen of Jersey City. The plea of *non est factum* properly tenders the issue whether the specialty was lawfully sealed by the commissioners, and if so, whether it is the deed of the defendants.

The third plea, which is intended as a plea of the statute of limitations, has no certain meaning, and is manifestly inapplicable to the case of a sealed instrument.

This being a single demurrer to all the pleas, and one plea being good, there must be judgment against the demurrant with costs.