## BLAIR *v.* WEST POINT PRECINCT.

*(Circuit Court, D. Nebraska. January, 1881.)*

1. PRECINCT BONDS—LIABILITY OF PRECINCT—STATUTE OF NEBRASKA.— A statute of the state of Nebraska provided, *inter alia*, that " any precinct, in any organized county in this state, shall have the privilege of voting to aid works of internal improvement, and be entitled to all the privileges conferred upon counties and cities by the provisions of this act, and in such case the [county] commissioners shall issue special bonds for such precinct, and a tax to pay the same shall be levied upon the property within the bounds of such precinct. Such precinct bonds shall be the same as other bonds, but shall contain a statement showing the special nature of such bonds." *Held,* that a precinct issuing bonds under the terms of this statute was not thereby impliedly created a body corporate in order to insure the collection of the coupons attached to such bonds.

   *Jordon* v. *Cass County*, 3 Dillon, 185.

2. SAME—NOTICE—REFERENCE TO STATUTE.—*Held, further*, that the mere fact that the bonds did not show upon their face that they were issued on behalf of the precinct was immaterial, when such fact appeared in the statute referred to upon the face of the bonds.

3. SAME—LIABILITY OF COUNTY—STATUTE OF NEBRASKA.—*Held, further*, that such bonds, when issued by the proper officers of the county, were, in legal effect, bonds of the county, although voted by the inhabitants of the precinct, and to be paid by a tax to be levied upon the property within the precinct.

4. SAME—COLLECTION OF COUPONS—MANDAMUS.—*Held, further*, in an action on the coupons attached to such bonds, that suit should be brought against the county, and that the judgment, when recovered, should be enforced by *mandamus* against the officers of the county, commanding them to levy and collect upon the property within the bounds of the precinct the sum required for the payment of the judgment.—[ED.

## On Demurrer to Amended Petition.

This suit is brought upon coupons attached to certain bonds executed by the board of county commissioners of the county of Cuming on behalf of the West Point precinct, for the purpose, it is alleged, "of aiding the West Point Manufacturing Company in improving the water-power in the Elkhorn river for the purpose of propelling public grist-mills, and other works of internal improvements of a public nature, in said West Point precinct."

The statute under which the subscription was made, in so far as it is necessary to be quoted, is as follows:

"That any county or city in the state of Nebraska is hereby authorized to issue bonds to aid in the construction of any railroad, or other work of internal improvement, to an amount to be determined by the county commissioners for such county or city, not exceeding 10 per cent. of the assessed valuation of all taxable property in said county or city: *provided,* the county commissioners or city council shall first submit the question of the issue of such bonds to a vote of the legal voters of said county or city, in the manner provided by chapter 9 of the Revised Statutes of the state of Nebraska for submitting to the people of a county the question of borrowing money. * * *

"Any precinct, in any organized county in this state, shall have the privilege of voting to aid works of internal improvement, and be entitled to all the privileges conferred upon counties and cities by the provisions of this act, and in such case the commissioners shall issue special bonds for such precinct, and a tax to pay the same shall be levied upon the property within the bounds of such precinct. Such precinct bonds shall be the same as other bonds, but shall contain a statement showing the special nature of such bonds."

The plaintiff sues as bearer and owner of the bonds in question, and avers that he is *bona fide* purchaser of the same before maturity.

*E. C. & W. C. Larned* and *J. C. Crawford,* for plaintiff.

*U. Pruner,* for defendant.

McCRARY, C. J., (*orally.*) Upon the consideration of the demurrer to the amended petition, the following questions have been discussed by counsel: "*First,* whether West Point precinct, of the county of Cuming, state of Nebraska, is a corporate body and citizen of Nebraska, capable of being sued in this court; *second,* whether, under the act of the general assembly of Nebraska of February 15, 1869, the material portion of which is set out in the foregoing statement, said precinct of West Point had power to issue bonds sued on to aid in improving the water-power in the Elkhorn

river for the purpose of propelling grist-mills and other works of internal improvement in the said West Point precinct."

In the view we have taken of the case it is only necessary to consider the first of the above questions. West Point precinct is not a corporation, and possesses none of the functions of a body corporate, except such as are conferred upon it by the provisions of the act under which the bonds sued on were issued. It is simply a subdivision of the county for election purposes. It has no officers and no organization. It would be impossible to make legal service of process upon it. A judgment against it could not be enforced by execution or by *mandamus*, unless by the latter proceeding it might be reached through the officers of the county. The principle of law upon which the plaintiff in this case relies is undoubtedly sound, but it is not applicable. This principle is thus stated in 1 Dillon on Municipal Corporations, § 22: "If powers and privileges are conferred upon a body of men, or upon the residents or inhabitants of a town or district, and if these cannot be exercised and enjoyed, and if the purposes intended cannot be carried into effect without their acting in a corporate capacity, *a corporation is to this extent created by implication.*"

And in discussing a case quite analogous to the case at bar, that of *Jordan* v. *Cass County*, 3 Dillon, 185, the same judge said: "Undoubtedly the legislature designed that there should be a remedy upon these bonds, and if it were consistent with the legislative intent the court would be justified in holding, if necessary to afford an effectual remedy, that the township was created by implication, as to this particular matter, *a body corporate, and as such liable to be sued.*" This doctrine is supported by the following authorities: *Russell* v. *Devon*, 2 Term Rep. 672; *Levy Court* v. *Coroner*, 2 Wall. 501; *Inhabitants* v. *Wood*, 13 Mass. 192; *Bradley* v. *Case*, 3 Scam. 608; *North Hempstead* v. *Hempstead*, 2 Wend. 109; *Bessey* v. *Unity Plantation*, 65 Me. 347; *Freeholders of Sussex* v. *Strader*, 3 Harr. (N. J.) 117; *Cumberland* v. *Armstrong*, 3 Deverux, 284; *Dean* v. *Davis*, 51 Cal.

406; *Gaskell* v. *Dudley*, 6 Met. 552; *Hunneman* v. *Fire District*, 37 Vt. 40, where a fire district, authorized to purchase an engine, was held to be a corporation; Angell & Ames on Corporations, §§ 77–79; *Commissioner of Roads* v. *McPherson*, 1 Spear, (S. C.) 218; *Governor* v. *Allen*, 8 Humph. 176.

An examination of these authorities will show that it is only in cases where a *bona fide*-contract cannot be otherwise enforced, that courts will hold that a corporation has been created by implication. If the plaintiff could have no remedy whatever upon the bonds in suit, except by an action against the precinct, it would no doubt be held that he was entitled to that remedy. But we are clearly of the opinion that under the law by virtue of which the bonds were issued, and assuming that they are valid obligations, the plaintiff has a right of action against the county of Cuming, within the principles of the decision in *Jordan* v. *Cass County, supra*. An examination of that case will show that the statute under which the township bonds, therein considered, were issued, was substantially like the one now under consideration. It provided that "it shall be the duty of the county court to make such subscription *in behalf of such township*." The statute of Kansas, under which plaintiff's bonds were issued, provided: "And the county commissioners shall issue special bonds *for such precinct*, and a tax to pay the same shall be levied upon the property within the bounds of such precinct." It is true that in the case of *Jordan* v. *Cass County* there was a statement on the face of the bonds that they were issued by the county court on behalf of the township. No such statement appears upon the face of the bonds in the present case, but this makes no difference, because that provision appears in the statute which is referred to upon the face of the bonds, and is to be considered as if made a part thereof.

The bonds, then, although voted by the inhabitants of the precinct, and to be paid by tax levied upon the property within the precinct, are issued by the proper officers of the county, and are, in legal effect, bonds of the county. The plaintiff's remedy is by suit against the county; his judg-

ment, when recovered, is to be enforced by *mandamus* against the officers of the county, commanding them to levy and collect upon the property within the bounds of the precinct the sum required for the payment of the judgment.

Upon this ground the demurrer to the amended petition must be sustained.

DUNDY, D. J., concurs.