(112 So. 317)

### In re OPINION OF THE JUSTICES.

### In re JEFFERSON COUNTY COURTHOUSE COMMISSION ACT.

### (No. 4.)

Supreme Court of Alabama. April 28, 1927.

*(Syllabus by the Court.)*

1. Constitutional law ⊜⟹26—State Constitution is limitation of power, and Legislature can do anything not forbidden by state Constitution or by federal Constitution.

The state Constitution is a limitation rather than a delegation of power, and the Legislature

can do anything not thereby forbidden, which is also not forbidden by the federal Constitution.

**2. Counties** ⬅105(1) — **Legislature's creation and naming of commission to acquire site for and build county courthouse and jail to sell county's properties is constitutional (Jefferson County Courthouse Commission Act, Loc. Act Feb. 11, 1927).**

The creation and naming by the Legislature of a commission empowered to build a county courthouse and jail, to sell certain properties owned by the county, and to acquire a site for such buildings (Local Act approved February 11, 1927) is not forbidden by either the federal or state Constitution.

**3. Counties** ⬅62—**Commissioners, under statute relating to building county courthouse and jail, if officers, are not to be appointed by Governor or elected (Jefferson County Courthouse Commission Act, Loc. Act Feb. 11, 1927).**

The commissioners provided for by the local act of 1927, if officers at all, do not belong to the class to be appointed by the Governor or elected by the people.

Response of the Justices of the Supreme Court to questions of the Governor, under Code 1923, §§ 10290, 10291, as to the validity of the Jefferson County Courthouse Commission Act, Local Act approved February 11, 1927, the title and certain sections of which are as follows:

No. 51. S. 132. Fite.

An act to provide for the building of a courthouse and jail for Jefferson county, Ala., in the city of Birmingham, and to establish for the consummation of that purpose a courthouse commission; and to authorize said commission to build a courthouse and jail for said county, to sell and convey certain courthouse properties now owned by the county, to acquire, if deemed necessary, a site for said constructions, or either of them; to designate the funds from which the cost and expense of said construction shall be paid; and to prescribe the powers and duties of the said commission and the powers and duties of the board of revenue and treasurer of said county, incident to the construction of said courthouse and jail.

Be it enacted by the Legislature of Alabama:

1. A commission is hereby created in Jefferson county, Ala., to be known as "Jefferson county courthouse commission," which commission shall be composed of five resident citizens of said county as follows: Oscar Wells, Walter E. Henley, Samuel C. King, Edward H. Cabaniss, and Morris W. Bush, and the said parties named are hereby appointed commissioners and made members of said commission, and they and their successors shall constitute said commission, with the rights, powers, duties, and privileges herein conferred and prescribed, and shall exist until legally abolished.

2. A majority of the members of said commission shall constitute a quorum for the transaction of business. The said commission shall select one member as president thereof and such officers, members, or nonmembers of the commission, as they see fit, and they may pass such rules, regulations and by-laws for the government of the commission as they see fit. The commission may organize at any time after this act shall have become a law.

3. Any vacancy which may occur on said commission by reason of death, resignation, or failure of any commissioner to act, or from any other cause, shall be filled by the remaining commissioners, or a majority of the remaining commissioners, as often as any such vacancy occurs by selecting a resident of said county as commissioner.

State of Alabama, Executive Department.

April 27, 1927.

To Honorable John C. Anderson, Chief Justice, and Honorables A. D. Sayre, Ormond Somerville, Lucien D. Gardner, William H. Thomas, Virgil Bouldin, and Joel B. Brown, Associate Justices of the Supreme Court of Alabama—Gentlemen:

As authorized by sections 10290, 10291, Code of Alabama 1923, I, Bibb Graves, as Governor of Alabama, hereby respectively request from the Supreme Court of Alabama a written opinion as to the constitutionality vel non of the Local Act, approved February 11, 1927, and known as "the Jefferson County Courthouse Commission Act."

I attach hereto a copy of said act as on file in the office of the secretary of state of the state of Alabama.

The question particularly at issue is, Can the Legislature constitutionally name the commissioners in said act, and does the naming of the commissioners in said act affect its constitutional validity?

Is said act otherwise constitutionally enacted?

Respectfully submitted.

Bibb Graves, Governor of Alabama.

Chambers of the Justices.

April 28, 1927.

To Hon. Bibb Graves, Governor of Alabama —Dear Sir: Replying to yours of the 27th wherein you ask for the opinion of the justices as to the constitutionality vel non of so much of the act thereto attached known as "the Jefferson County Courthouse Commission Act," in so far as the commission is named by the Legislature.

[1] As you doubtless know, the state Constitution is a limitation rather than a delegation of power, and the Legislature can do any-

thing not thereby forbidden, which is also not forbidden by the federal Constitution.

[2, 3] We find nothing in the state or federal Constitution which forbids the creation or naming of the commission in question by the Legislature. True, the appointing power is generally vested in the Governor, and under the Constitution all vacancies to certain offices can only be filled by him, but the commissioners in question, if officers at all, do not belong to the class to be appointed by the Governor or to be elected by the people. Fox v. McDonald, 101 Ala. 51, 13 So. 416, 21 L. R. A. 529, 46 Am. St. Rep. 98.

    Respectfully,

        JOHN C. ANDERSON,
                Chief Justice.
        ORMOND SOMERVILLE,
        LUCIEN D. GARDNER,
        WILLIAM H. THOMAS,
        VIRGIL BOULDIN,
        JOEL B. BROWN,
                Associate Justices.