153 So. 218

### WEAVER et al. v. TIDWELL, County Treasurer.

### 6 Div. 482.

Supreme Court of Alabama.

March 1, 1934.

Travis Williams, of Russellville, and Roy Mayhall, of Haleyville, for appellants.

John A. Posey, of Haleyville, for appellee.

Brief did not reach the Reporter.

ANDERSON, Chief Justice.

The main question presented is whether or not the commissioners' court, in making the claims in question, conceded to be valid and payable out of the general fund of the county, had the authority to shift said claims against the general fund to a valid charge against the special road and bridge fund created from the county's share of the gasoline tax, as provided by the General Acts of 1931, p. 458. True the act provides that this fund "shall be expended exclusively for the maintenance, or construction or repair of roads or highways or bridges in said county" (section 1); and the claims in question arise out of duties discharged in connection with the roads, yet the law, as existing, made provision for said compensation as a charge against the general fund, and we do not think the act in question intended to burden this special fund with charges for which the general fund was liable. Section 7285 of the Code of 1923 provides for the compensation of the probate judges for services rendered in connection with roads "to be paid out of the county treasury," meaning, of course, out of the general fund, and section 6771, as amended by the General Act of 1931, p. 805, likewise provides for the compensation of commissioners.

True, sections 1347 and 6754 of the Code of 1923 give the commissioners' court quite general powers, but that does not give it the power to direct the funds arising under the General Act of 1931, p. 458, to the payment of claims against the general fund.

The trial court did not err in sustaining the demurrer to the petition and in dismissing same after the petitioners declined to amend same, and the judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.