192 So. 412

**JOHNSON et al. v. ROBINSON et al.**

6 Div. 609.

Supreme Court of Alabama.

Dec. 7, 1939.

Lyons & Thomas, of Mobile, for appellant.

Smith & Johnston and Chas. B. Arendall, Jr., all of Mobile, for appellee.

570

Horace C. Wilkinson, of Birmingham, and Richard T. Rives, of Montgomery, for appellants.

St. John & St. John, of Cullman, for appellees.

BROWN, Justice.

The several assignments of error question the soundness of the declaratory decree of the Circuit Court of Winston Coun-

ty upholding the constitutionality of Act No. 333, approved September 5, 1939, entitled:

"An Act To withdraw and take away from the Court of County Commissioners of Winston County, Alabama all jurisdiction over public roads and bridges and public road and bridge funds in said county; to create and establish a Highway Board for said county to be composed of five members, one of whom shall be Chairman, all to be appointed by the Governor of Alabama from the county at large; and to invest said Highway Board with jurisdiction, authority and power over public roads and bridges and over public road and bridge funds in and for said county; to provide for the terms of office and compensation of said members; to provide for a secretary and treasurer of said Board and to fix his compensation; to define the powers, jurisdiction, duties, authority, and responsibilities of said Board and of the Chairman thereof and to regulate purchases made by said Board and to repeal all laws, local and general, in conflict herewith in so far as the same apply to Winston County, Alabama."

The Act, in short, takes away from the Court of County Commissioners of Winston County jurisdiction over public roads and bridges and the funds provided by law for the construction and maintenance of such roads and bridges, and creates a "Highway Board of Winston County," composed of five members, appointed by the Governor, and confers on said Highway Board all the jurisdiction theretofore exercised by the Court of County Commissioners, over public roads and bridges and the funds provided by law for the construction, maintenance and supervision of said roads and bridges; provides that one of the members so chosen shall be the Chairman of said Board with all time duties; provides for a secretary who is made ex officio treasurer of the road funds; prescribes, in detail, the duties of the said Chairman and secretary and the other members of the Board, and in some respect the particular procedure of said Board in the exercise of its jurisdiction and power; provides for the compensation of the Chairman, secretary and members of the Board.

The first objection argued is that said Act is violative of Article IV, § 45 of the Constitution of 1901, which provides, inter alia: "Each law shall contain but one subject, which shall be clearly expressed in its title." Skinner's Alabama Constitution Annot. p. 257. As a basis for this contention appellants assert that the "one grand comprehensive subject is:—

" 'To withdraw and take away from the Court of County Commissioners of Winston County, Alabama all jurisdiction over public roads and bridges *and public road and bridge funds in said county.'* " And that included in the title and the body of the Act are numerous minor subjects, to wit:

"To create and establish a highway board for said county.

"To invest said highway board with jurisdiction, power and authority over public roads and bridges and over public road and bridge funds in and for said county.

"To provide for the terms of office and compensation of members of said highway board.

"To provide for a secretary and treasurer of said highway board, and to fix his compensation.

"To define the powers, jurisdiction, duties, authority and responsibilities of said board and its chairman.

*"To regulate purchases made by said board.*

"To repeal all laws, local and general, in conflict with the act so far as the same apply to Winston County, Alabama."

No better statement of the purpose and scope of the quoted provision of the Constitution can be found in the books, than those embodied in the opinion of this court in the case of Ballentyne v. Wickersham, 75 Ala. 533; and Lindsay v. United States Savings & Loan Association et al., 120 Ala. 156, 172, 24 So. 171, 176, 42 L. R.A. 783. To restate them in full here would be but useless repetition. We think it not out of place, however, to repeat the observation that "its requirements are not to be exactingly enforced, or in such manner as to cripple legislation." Ballentyne v. Wickersham, supra. So, also, "The constitution does not contemplate a multiplicity of titles; it contemplates but one title, and leaves the form which may be given it to legislative discretion. It may be expressed in general words, or it may be a brief statement of the subject, or it may be an index to, or an abstract of, the contents of the act. The constitution is

satisfied if the act has but one general subject, and that is fairly indicated by the title." Lindsay v. United States Savings & Loan Association et al., supra.

█ The language of the Constitution, "Each law shall contain but one subject, which shall be clearly expressed in its title," contemplates that in its application the court must not only look at the title but must consider the body of "Each law" in ascertaining the subject thereof; and if "the title and the body of the act, construed together, show a single purpose, and relate to a single subject," and the grant of power is germane to that subject, such act does not offend the Constitution. Judson v. City of Bessemer, 87 Ala. 240, 6 So. 267, 4 L.R.A. 742.

To follow appellants' contention to its ultimate conclusion would be a highly technical and exacting application and enforcement of the constitutional provisions, contrary to the canons of constitutional interpretation as settled by our decisions, and such interpretation would tend to hamper and cripple legislation.

█ The comprehensive subject of the local law as gathered from its title and body is: "All jurisdiction over public roads and bridges and public road and bridge funds for said county," and all of the provisions of the act relate to this subject and are germane and cognate thereto. The subject is clearly expressed in the title. This is all that the Constitution requires. Hubbard v. State, 172 Ala. 374, 55 So. 614. [Italics supplied.]

█ The next contention of appellants is that the act is violative of Article IV, § 105 of the Constitution. This contention is without merit, and appellants' argument in support thereof is fully answered by the opinion of the court in Morgan County et al. v. Edmondson, ante, p. 522, 192 So. 274, and the authorities therein cited.

█ The appellants' next contention, to quote from the brief, is: "That part of Section 5 of the Act, which provides that the compensation for the members and secretary of the Winston County Highway Board 'shall be paid out of the public road and bridge fund of Winston County, Alabama,' is invalid." The argument is that the statement in the title "To provide for compensation of said members" without indicating that such compensation is to be provided out of the road and bridge fund, must be construed to mean that such compensation was to be paid out of the general funds of the county. A sufficient answer to this contention is that the title and body of the law limited the scope of the legislation to *"jurisdiction over public roads and bridges and public road and bridge funds provided by law for the construction, maintenance and supervision of said roads and bridges."* And the statement in the title is sufficient to give notice that the compensation will be provided out of the road and bridge fund. [Italics supplied.]

Weaver et al. v. Tidwell, County Treasurer, 228 Ala. 169, 153 So. 218, 219, is not an apt authority. The question in that case related to the *statutory authority of the Court of County Commissioners* to order the payment of commissioners per diem fees out of the gas tax, in the face of the general law which required it to be paid out of the general fund of the county. The opinion of the court states the question thus:

"The main question presented is whether or not the commissioners' court, in making the claims in question, conceded to be valid and payable out of the general fund of the county, had the authority to shift said claims against the general fund to a valid charge against the special road and bridge fund."

█ Here the power questioned is that of the Legislature which is plenary, and unrestricted except by specific limitations in the Constitution. The Legislature, supported by moral obligations, as this court has held, has power to compel one county to contribute to the payment of a debt contracted by another. Cullman County v. Blount County, 160 Ala. 319, 49 So. 315, 18 Ann.Cas. 322.

█ It is next insisted that, "even in the absence of constitutional restrictions, a tax levied and collected for one purpose can not be diverted for other purposes." This, in general, may be conceded to be sound, but the proposition as stated assumes that the payment of the compensation of the administrative officers, whose duties, authority and powers are limited exclusively to the construction, maintenance and supervision of public roads and bridges in the county is a diversion of the road and bridge funds. It also ignores the fact that the appropriation to that purpose is by the Legislature, the department of magistracy invested, in general, with the power to levy taxes and dedicate the funds arising therefrom.

574

It is a matter of common knowledge that the enterprise of road building has become one of Alabama's major problems; that large sums of money are gathered and appropriated to this enterprise, more now than ever before in the history of the State; that competent, governmental administrative bodies and agencies are essential to the due and economical administration of these funds, it would seem, is not open to question. What agencies shall be provided, however, is a matter of policy committed to the Legislature, and with which the courts are not concerned. State ex rel. Day et al. v. Bowles et al., 217 Ala. 458, 116 So. 662; Morgan County et al. v. Newt Edmonson, supra.

Where, however, the Legislature by law confers authority and imposes duties on such body to be performed for the public good in the construction, maintenance and supervision of public roads and bridges, a moral obligation arises, which clearly justifies the Legislature, in the absence of constitutional restrictions, to provide for the payment for such service out of funds set apart by the Legislature itself for the construction, maintenance of public roads and bridges. The services of such administrative personnel are as essential to the general scheme of constructing, maintaining and supervising public roads and bridges as is the material that goes into the work or the labor and machinery that applies it.

There is nothing in the opinion of the court, Ramage, Parks & Co. v. Folmar, County Treasurer, et al., 214 Ala. 661, 108 So. 580, that in the least conflicts with this holding. In fact that case recognized the right of the Court of County Commissioners in setting up a budget system with statutory authority to transfer the road and bridge. funds to the general fund, so long as the obligation of contracts was preserved.

The contention of appellants that the act violates §§ 36 and 38 of the Constitution is so clearly without merit that a mere statement of the substance of said sections is a complete answer. Section 36 is a mere re-affirmation of the reservation of the rights enumerated in the preceding thirty-five sections of the Constitution constituting the bill of rights, dealing with personal liability of the citizen, the private rights of property, and immunity of the State from being made a defendant in any sort of litigation.

Section 38 merely ratifies and confirms county boundaries as they existed at the adoption of the Constitution, followed by § 39 which vests in the Legislature power to "arrange and designate boundaries for the. several counties of this state," by a two-thirds vote, with exceptions not here pertinent.

There is nothing in the act that in the least impinges on the rights reserved in these sections.

The act does not interfere with the existing county government in Winston County, further than to take away from one agency and confer on another all jurisdiction over the establishment, construction and maintenance of roads and bridges and the funds dedicated to this purpose.

The provisions of § 7, which strikes at secret bargaining, extravagant purchase of machinery and materials, designed, no doubt, to prevent profligacy and waste of the funds set apart for the construction and maintenance of public roads and bridges in the county, furnishes the background for the legislation and suggests the evils the Legislature intended to remedy. The provisions of the act requiring the members of the board to be appointed by the Governor does not impinge the Constitution. This was settled in Board of Revenue v. Barber, 53 Ala. 589, decided at the December Term, 1875, when this court responding to a like contention, observed:

"In reference to·'the first point, no section of the constitution is designated with which the act is supposed to be in conflict. And we cannot better express our own views thereon than in the language of Mr. Cooley in his very valuable work on Constitutional limitations: 'The rule of law upon this subject appears to be, that except where the constitution has imposed limits upon the legislative power, it must be considered as practically absolute, whether it operate according to natural justice or not in the particular case.' (Page 168 of 3d Ed.) 'It is also a maxim of republican government that local concerns shall be managed in the local districts, which shall choose their own administrative and public officers, and establish for themselves police regulations. But this maxim is subject to such exceptions as the legislative power of the State shall see fit to make, and when made it must be presumed that the public interest, convenience and protection are subserved thereby. The State may inter-

fere to establish new regulations against the will of the local constituency, and if it shall think proper in any case to assume to itself those powers of local police which should be executed by the people immediately concerned, we must suppose it has been done because the local administration has proved imperfect and inefficient, and regard to the general well-being has demanded the change. In these cases the maxims which have prevailed in the government address themselves to the wisdom of the legislature, and to adhere to them as far as possible, is doubtless to keep in the path of wisdom; but they do not constitute restrictions so as to warrant the other departments in treating the exceptions which are made as unconstitutional.' (Page 170). See, also, People v. Draper, 15 N.Y. [532] 547; People [ex rel. Drake] v. Mahany, 13 Mich. [481] 500; President, etc., v. State ex rel. Board, etc., 45 Ala. 399.

"It must be a matter of profound regret to every patriotic and thoughtful citizen that a state of things should exist which seems to the legislature to require, as in this case, that the people of a county or city should not be entrusted with the election of officers who are to have charge of its local affairs. But it is well settled that the courts must conclude that 'a regard to the general well-being has demanded the change,' and justifies the law creating it." See, also, In re Opinion of the Justices, 216 Ala. 136, 112 So. 317.

Notwithstanding these utterances, subsequent constitutions have been promulgated and adopted without inserting provisions that changed this state of the law.

Said Act No. 333 is original in form and purpose, and in no sense amendatory, and the contention that it violates that part of Article IV, § 45, which declares: "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only," can not be sustained. The basis of this contention is that the local law confers on the newly created board all the jurisdiction and power vested in the Court of County Commissioners under the general law, without setting out all the provisions of the general law. State ex rel. etc., v. Rogers et al., 107 Ala. 444, 19 So. 909. This type of legislation has been repeatedly approved. Phœnix Assurance Company of London v. Fire Department of the City of Montgomery, 117 Ala. 631, 23 So. 843, 42 L.R.A. 468; Cleveland v. State, 16 Ala.App. 336,

on page 337, 77 So. 930, and authorities cited. The case of Stewart v. Court of County Commissioners of Hale County, 82 Ala. 209, 2 So. 270, cited by appellants, was in effect overruled by Birmingham Union Railway Co. v. Elyton Land Co., 114 Ala. 70, 21 So. 314; and State ex rel., etc., v. Rogers et al., supra.

The contention that said Act 333 violates Section 96 and Subdivision 24 of section 104, is given a negative answer by the holding in Morgan County et al. v. Edmonson, supra, and what is there said need not be repeated.

This disposes of all questions argued. The ruling of the circuit court is in accord with the foregoing views, and the decree of that court will be affirmed. It is so ordered.

Affirmed.

GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.