# Judson *v.* City of Bessemer.

*Bill in Equity for Injunction against Issue of Bonds by Municipal Corporation.*

1. *Charter of Bessemer, under constitutional provision as to title and subject-matter of laws; power to issue municipal bonds* —The act approved December 12th, 1888, entitled "An act to amend the charter of the town of Bessemer, and to re-incorporate the same as the city of Bessemer, and to establish a charter therefor," is not violative of the constitutional provision which declares, "Each law shall contain but one subject, which shall be clearly expressed in its title" (Art. IV, § 2); the title and the body of the act, construed together, show a single purpose, and relate to a single subject; and the grant of power, in the 38th section, to issue negotiable bonds for specified municipal purposes, is germane to that subject as expressed in the title.

2. *Same; amendatory laws, and unconstitutional repealing laws.*—The subsequent statute amending the 38th section of said charter, "by striking out the word *fifty*, and inserting *thirty* in lieu thereof," is violative of the further constitutional provision, contained in the same article and section, that, in amendatory laws, so much of the former law as is amended "shall be re-enacted and published at length;" and said amendatory law being unconstitutional and void, the power of the corporation to issue bonds payable in fifty years, as at first provided, is unimpaired.

3. *Municipal bonds payable in gold coin.*—A grant of power to a municipal corporation to issue bonds, without limitation as to the kind of currency in which they shall be payable, confers the authority to make them payable "in gold coin of the United States of America, of the present standard weight and fineness."

[Judson v. City of Bessemer.]

APPEAL from the City Court of Birmingham, in equity. Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 25th April, 1889, by W. H. H. Judson and A. J. Robinson, citizens, tax-payers, and owners of property in Bessemer, against the corporate authorities of said city; and sought to enjoin the issue of certain corporate bonds for municipal purposes. The City Court dismissed the bill, on motion, for want of equity; and this decree is here assigned as error.

FEAGIN & WILKERSON, for appellants.

WEBB & TILLMAN, contra.

CLOPTON, J.—Appellants seek by the bill to enjoin the issuance and sale of municipal bonds, which appellees claim authority to issue under power conferred by an act of the General Assembly, incorporating the city of Bessemer. The right to the injunction is founded on the alleged grounds, that the act is unconstitutional; and if constitutional, as amended, it does not authorize the issue of bonds of the character and terms provided by the ordinance adopted by the municipal authorities.

The first point of contention is, that the act violates the mandate of the Constitution, which declares, "Each law shall contain but one subject, which shall be clearly expressed in its title." It is entitled "An act to amend the charter of the town of Bessemer, and to re-incorporate the same as the city of Bessemer, and to establish a charter therefor." This caption is followed by an enactment consisting of forty-four sections, which is new and independent legislation, complete in itself.—Acts 1888-9, p. 185. The bill does not inform us when, or in what manner, the town of Bessemer was incorporated; and as we know of no legislative act of incorporation, and our attention has been called to none, we assume, for the purposes of this case, that it was incorporated under the general laws. On this assumption, the act does not purport or profess to amend, revise or enlarge any former legislative act. True, the first section, after declaring that the inhabitants of the town of Bessemer are re-incorporated as the city of Bessemer, provides, "that the charter of the present town of Bessemer be altered, amended and enlarged in conformity herewith." The effect of the act, if these words had been omitted, would have been to amend,

abrogate, or supersede by implication, the charter of Bessemer as a town. The use of the words quoted impart no other or greater force or effect. They may be regarded as superfluous. The act, therefore, is not amendatory or revisory in its character and operation, otherwise than by implication.

In pronouncing upon the constitutionality of statutes, as tested by the clause of the Constitution referred to, we have uniformily observed two leading and controlling rules of interpretation: (1.) The mandate should not be so narrowly construed, or exactly enforced, as to embarrass or obstruct legislation. (2.) Sentence of nullity will not be declared because of the mere generality of the title. The subject may be expressed in general terms. It is sufficient, if the terms in which the subject is expressed are so comprehensive, that all the minor provisions of the enactment are embraced in, or referable, or cognate to that subject.—*Ballentyne v. Wickersham*, 75 Ala. 533; *Stein v. Leeper*, 78 Ala. 517; *Hare v. Kennerly*, 83 Ala. 608.

It is insisted that the statute contains two subjects, both of which are expressed in the title—one to amend the charter of the town, and the other to incorporate the city of Bessemer. It is well settled, that a statute which contains two subjects, both of which are expressed in the title, falls within the constitutional inhibition; and when a statute contains two subjects, only one of which is expressed in the title, the portions not pertinent and germane to the subject so expressed will be declared unconstitutional. If, as appellants contend, two subjects are expressed in the title, but the enactment contains only one of them, it is not violative of the Constitution. The constitutional mandate is not, that two subjects shall not be expressed in the title; but that "each law shall contain but one subject, which shall be clearly expressed in its title." A statute does not come within the letter or spirit of the constitutional inhibition, merely because two subjects may be expressed in the title. In such case, the subject so expressed, but not contained in the law, may be rejected as surplusage. If the enactment assailed contains only one of the subjects which is expressed in the title, and only minor provisions connected with, and proper or necessary to the full accomplishment of its object, the constitutional mandate is satisfied, though there may be two subjects expressed in the title. But are two subjects expressed? If the words, *to amend the charter of the town of*

*Bessemer*, were omitted from the title, there would be no doubt that only one subject would be expressed. On the authority of *Gandy v. State*, 86 Ala. 20, these words may be rejected from the title as surplusage. When the title and the act are compared and construed jointly, and its sole purpose considered, it is obvious that but one subject is expressed—the incorporation of the town of Bessemer as a city, and to establish a charter therefor.

The only provision, which, it is insisted, is not cognate to the subject of incorporating the town as a city, is the authority to issue the bonds in question. Section 38 of the act confers authority on the Mayor and Aldermen to issue bonds of the city to an amount not exceeding thirty thousand dollars, payable in fifty years from their issuance, with coupons attached, bearing interest at a rate not exceeding eight per cent. *per annum*, and payable annually to bearer, at some place designated by the board. By section 41, the Mayor and Aldermen are authorized to negotiate and sell the bonds, the proceeds "to be used and applied in building and constructing sewers in said city, and in erecting city buildings in said city, and in grading and making improvements of any and all kinds upon the streets of said city." It is not infrequent that municipal authorities are necessitated to borrow money, to carry into full effect the objects of the incorporation. Negotiable bonds can not be issued without authority, express or implied. The bonds are authorized to be issued only for municipal purposes, and authority to issue them is germane to the primary objects of the incorporation, and are referable and cognate to the subject expressed in the title.

The ordinance provides for the issuance of bonds payable fifty years after date of issuance. It is insisted that the municipal authorities are not authorized to issue bonds payable at such time. This contention is based on an act of the General Assembly, passed at a subsequent day of the same session, which, it is claimed, amends section 38. The amending act reads as follows: "That section 38 of the charter of the city of Bessemer, Alabama, be, and the same is hereby, amended by striking out the word '*fifty*,' in the sixth line of said section, and inserting the word '*thirty*' in lieu thereof." The section is not re-enacted and published at length as amended.—Acts 1888–9, p. 901. It is too plain for argument, that the amendatory act is in contravention of the clause of the Constitution, which provides: "That no law shall be revised, amended, or the provisions thereof extended

or conferred, by reference to its title only; but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."—*Stewart v. County Commissioners*, 82 Ala. 209. The amending act, being unconstitutional and void, has no force or effect whatever. Section 38 remains unaffected, and as originally passed.—*Tims v. State*, 26 Ala. 165.

The remaining contention is, that the bonds are invalid, because of a want of authority to make them payable "in gold coin of the United States of America, of the present standard weight and fineness," as provided by the ordinance. The general rule is, that corporations, upon whom is conferred power to give securities, may exercise such power in the same mode and manner as natural persons may under similar circumstances, there being no legislative restriction nor specification of a particular mode.—*Trustees v. Moody*, 62 Ala. 389. The charter, while specifying the amount and denominations of the bonds to be issued, the time in which they may be made payable, and the rate of interest, is silent as to the kind of currency in which they shall be payable. The purpose is to authorize the issue of bonds, which, by usage and judicial adjudications, are negotiable securities. The limitation is, that they shall possess the elements of negotiability. There being different kinds of currency, the legislative intent is to leave this matter to the discretion and judgment of the municipal authorities—a matter of contract. The evident purpose of making the bonds payable in gold coin, of the present standard weight and fineness, is to give them a fixed and stable value on their face, not subject to be affected by fluctuations in the value of the various kinds of circulating medium, or to future appreciation or depreciation. of the present value of gold coin. Express and general power to issue negotiable bonds, in the absence of legislative restriction, carries the implied or incidental power to make them payable generally; that is, in currency which is constitutionally a legal tender, or payable in the particular coin which constitutes the legal and commercial standard by which the value of other kinds of currency is measured. Under such express power, the city of Bessemer has an authority to agree that the bonds shall be payable as provided by the ordinance.

Affirmed.