50 So.2d 754

### CITY OF BIRMINGHAM v. NORTON et al.

### 6 Div. 16.

Supreme Court of Alabama.

Nov. 16, 1950.

Rehearing Denied March 1, 1951.

Jas. H. Willis and Thos. E. Huey, Jr., of Birmingham, for appellant.

Wilkinson & Skinner, of Birmingham, and J. Clewis Trucks, of Fairfield, for complainant and appellees.

Graham, Bibb, Wingo & Foster, of Birmingham, for intervener and appellees.

BROWN, Justice.

The appeal in this case is from a final decree of the Circuit Court of Jefferson County, in Equity, declaring Act No. 325 approved August 3, 1949, General Acts of 1949, Regular Session, pp. 472–484, unconstitutional and void at the instance of appellees, resident taxpayers (the original complainants), and Board of Education of Jefferson County, intervenors, in a declaratory judgment proceeding against appellant, the City of Birmingham. After demurrer overruled both to the bill filed by the original complainants (taxpayers) and the intervenors, the defendant (appellant here), filed an answer to said bills and the case was submitted on the bill and answer without other proof.

It appears from the admitted averments in the bill and the averments in the answer that in the several elections held under the terms of the act, the segments of territory embraced within the Cities of Homewood, Mountain Brook, Tarrant City, Fairfield and the corporate limits of the Town of Irondale, were not annexed as a result of said elections; that the only territory annexed and included within the limits of the City of Birmingham was the unincorporated territory described in section 15 of said act.

The appellees insist (1) that the act violates section 45 of the constitution which requires that all bills offered in the legislature shall deal with a single subject which must be clearly expressed in the title, § 45, Constitution of 1901, and (2) that said act denies to appellees the equal protection of the law under the state and federal constitutions.

The title of the act is as follows: "To provide for the alteration or rearrangement of the boundary lines of the City of Birmingham in Jefferson County, Alabama, so as to include within the corporate limits of said City of Birmingham the territory in said county now within the corporate limits of said City of Birmingham and the territory or territories in said county now within the corporate limits of the cities of Homewood, Mountain Brook, Tarrant City and Fairfield and the territory in said county now within the corporate limits of the town or city of Irondale *and territory in said county now without the corporate limits of any city or town; and to provide for elections as a part of the provisions for such alteration or rearrangement.*" [Italics supplied.]

■ The basis of the first contention is that the several segments of territory mentioned in the title of said act constitute a separate subject and render the title duplicitous. We are of opinion that this contention is without merit.

■ The comprehensive subject expressed in the title is "To provide for the alteration or rearrangement of the boundary lines of the City of Birmingham, in Jefferson County, Alabama, so as to include within the corporate limits of said City of Birmingham the territory in said county now within the corporate limits of said City of Birmingham and the territory or territories in said county" now within the municipalities mentioned in said title and the unincorporated territory described in section 15 of said act, to provide for elections as a part of the scheme and purpose to alter or rearrange said boundary lines. As thus expressed the subject of the act is single in scope and purpose and when considered in connection with the body of the act is clearly expressed, as required by § 45 of the Constitution. Johnson v. Robinson, 238 Ala. 568, 192 So. 412. It has long since been settled by this court in upholding the greater Birmingham Act that it is within the legislative competence to enact such law although it may disincorporate other municipalities within the embraced territory. City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373, 376.

In the last cited case the court observed: "The Legislature is supreme except when restrained by the Constitution. The consolidation or annexation, as previously noted, provided for by the general law, is dependent upon the will of a majority of the voters; but we find nothing in the Constitution which prohibits the Legislature, in the exercise of its sovereign power, from consolidating two contiguous cities or an-

nexing territory contiguous to any city, if in the exercise of its judgment and discretion the best interest of the state or the community will be subserved thereby, and this without regard to the will of the majority." See also Meriwether v. Garrett, 102 U.S. 472, 26 L.Ed. 197.

██ In Johnson v. Robinson, 238 Ala. 568, 192 So. 412, 415 it was held that, "The language of the Constitution, 'Each law shall contain but one subject, which shall be clearly expressed in its title,' contemplates that in its application the court must not only look at the title but must consider the body of 'Each law' in ascertaining the subject thereof; and if 'the title and the body of the act, construed together, show a single purpose, and relate to a single subject,' and the grant of power is germane to that subject, such act does not offend the Constitution. Judson v. City of Bessemer, 87 Ala. 240, 6 So. 267, 4 L.R.A. 742."

██ Another contention made is that the italicized statement in the title is too indefinite as to what unincorporated territory is to be dealt with in the act, and, hence said title does not clearly express the purpose of the act. This contention is answered fully by the cited decisions that the court may look to the body of the act. Section 1 of the act provides, " 'the unincorporated territory' shall mean that portion of the area described by metes and bounds in Section 15 hereof which is not comprised within the present corporate limits of said City of Birmingham." Section 15 describes the unincorporated territory by courses, distances, metes and bounds as evidenced by the government survey.

The contention that the act providing for the inclusion of said six separate segments of territory within the boundary of the city and providing for separate elections with respect to each, renders the title duplicitous and impinges the provisions of section 45 of the Constitution, is clearly without merit.

██ In Johnson v. Robinson, 238 Ala. 568, 192 So. 412, 414, the rule was stated by the court as follows: "No better statement of the purpose and scope of the quoted provision of the Constitution can be found in the books, than those embodied in the opinion of this court in the case of Ballentyne v. Wickersham, 75 Ala. 533; and Lindsay v. United States Savings & Loan Association et al., 120 Ala. 156, 172, 24 So. 171, 176, 42 L.R.A. 783. To restate them in full here would be but useless repetition. We think it not out of place, however, to repeat the observation that 'its requirements are not to be exactingly enforced, or in such manner as to cripple legislation.' Ballentyne v. Wickersham, supra. So, also, 'The constitution does not contemplate a multiplicity of titles; it contemplates but one title, and leaves the form which may be given it to legislative discretion. It may be expressed in general words, or it may be a brief statement of the subject, or it may be an index to, or an abstract of, the contents of the act. The constitution is satisfied if the act has but one general subject, and that is fairly indicated by the title'. Lindsay v. United States Savings & Loan Association et al., supra."

The further observation made in that case is also applicable here, "To follow appellants' (we substitute appellees') contention to its ultimate conclusion would be a highly technical and exacting application and enforcement of the constitutional provisions, contrary to the canons of constitutional interpretation as settled by our decisions, and such interpretation would tend to hamper and cripple legislation", and would prohibit any such legislation as here proposed, and such as was had in City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61.

██ The contention of appellee that the act delegates legislative power to the electorate is clearly without merit. The legislature had the power to alter or rearrange the corporate limits of the city so as to include each and all said territories without consulting the electorate. The effect of the election was merely to fix the event upon which the act operated to rearrange and change the boundary lines of the city and the extent thereof. This does not violate any common law right of the electorate in any part of the territory. State

268

ex. rel. Brooks v. Gullatt, supra; Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151.

Subsection (29) of Section 104 of the Constitution lays no restraint on the power of the legislature to enact statutes altering or rearranging the boundary lines of municipal corporations. State ex rel. Sigsbee v. City of Birmingham, 160 Ala. 196, 48 So. 843. Nor does the act impinge the provisions of § 105 of the Constitution. State ex rel. Brooks v. Gullatt, supra.

Nor does the fact that the said act provided that the combined majority vote of the electorate of the territory constituting the City of Birmingham and the electorate of the unincorporated territory was necessary to the inclusion of said unincorporated territory within the corporate limits of the City of Birmingham violate the equal protection clause of the state or federal constitutions. Nor does the fact that the act provided for a different result as to the several segments incorporated in the several municipal corporations embraced within the scheme violate the equal protection clauses of the constitution. Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151; City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61.

In Hunter v. City of Pittsburgh, supra, the Supreme Court of the United States observed:

"* * * Municipal corporations are political subdivisions of the state, created as convenient agencies for exercising such of the governmental powers of the state as may be intrusted to them. For the purpose of executing these powers properly and efficiently they usually are given the power to acquire, hold, and manage personal and real property. The number, nature, and duration of the powers conferred upon these corporations and the territory over which they shall be exercised rests in the absolute discretion of the state. Neither their charters, nor any law conferring governmental powers, or vesting in them property to be used for governmental purposes, or authorizing them to hold or manage such property, or exempting them from taxation upon it, constitutes a contract with the state within the meaning of the Federal Constitution. The state, therefore, at its pleasure, may modify or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the state is supreme, and its legislative body, conforming its action to the state Constitution, may do as it will, unrestrained by any provision of the Constitution of the United States. Although the inhabitants and property owners may, by such changes, suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right, by contract or otherwise, in the unaltered or continued existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences. The power is in the state, and those who legislate for the state are alone responsible for any unjust or oppressive exercise of it." [207 U.S. 161, 28 S. Ct. 46.]

To the same effect as the above is the holding of this court in City of Ensley v. Simpson, supra, 166 Ala. at page 377, 52 So. 61.

We are of the opinion that the contention of the appellees that the act was rendered nocuous to § 106 of the Constitution by the fact that the bill as published authorized the election 20 days after its approval and in the course of the legislation this provision as to date of holding the election was changed to 40 days, is without merit. Said change was merely a detail which the legislature had the right to make without offending said section of the constitution. Opinion of the Justices, 249 Ala. 509, 31 So.2d 717; Gray v. Johnson, 235 Ala. 405, 179 So. 221.

We are also of opinion that the contention that the ballot used in the elec-

tion in respect to the unincorporated territory was void is also without merit. It follows strictly the provisions of the Act. Acts 1949, Regular Session, pp. 472–484.

We, therefore, hold that the circuit court erred in declaring said act unconstitutional and the decree of said court should be reversed and one here rendered declaring the act valid and that the effect of the election held under said act was to reject the inclusion of all the segments of territory referred to in the act, except the unincorporated territory described in section 15 of said act. The decree is, therefore, reversed and one here rendered declaring all of said territory within the corporate limits of the City of Birmingham and said unincorporated territory described in section 15, as a result of the election in respect thereto, was included and is a part of the territory within the City of Birmingham and said city and its officers have full jurisdiction over said territory in the maintenance of the local government of said city.

Reversed and rendered.

LIVINGSTON, LAWSON and SIMPSON, JJ., concur.