173 So.2d 793

**OPINION OF THE JUSTICES.**

No. 181.

Supreme Court of Alabama.

April 8, 1965.

The Senate resolution is in substance as follows:

"A RESOLUTION REQUESTING ADVISORY OPINIONS OF THE JUSTICES OF THE SUPREME COURT OF ALABAMA RELATIVE TO S. B. 122

"Question 1. Does the attached bill, S. B. 122, contravene Section 2 of the Alabama Constitution of 1901 in that no election of all the people of the city is authorized therein and no representative legislative body is vested with final determination of the question of reducing the city limits?

"Question 2. Does S. B. 122 vest in the people residing in or owning land in only a part of any cities having certain prescribed populations the power to suspend laws in contravention of Section 21, Alabama Constitution of 1901?

"Question 3. Does the attached bill conform to Section 45 of the said Constitution of 1901?

"Question 4. Is S. B. 122 a general bill within the definition thereof in Section 110 of the Constitution of 1901?

"Question 5. If your answer to question 4 is in the negative, does such bill propose a local law prescribed by Section 104(18) of the Alabama Constitution of 1901?

"Question 6. Does the bill, S. B. 122, contravene the equal protection and due process clauses of the United States Constitution in that: (a) it gives three-fifths of the residents or of the property owners of any tract of territory brought within the city pursuant to Code of Alabama 1940, Title 37, Chapter 5, Article 2, the privilege of determining whether or not such territory shall remain within the city, without affording residents of such territory, who oppose such change, any opportunity to be heard; and (b) it gives residents of territory brought within the city pursuant to said Title 37, Chapter 5, Article 2, an election as to whether to remain in the city, but does not extend a like privilege to residents of territory incorporated into the city in any other manner?

"The proposed act is as follows:

### "A BILL
### TO BE ENTITLED
### AN ACT

"To provide an additional method by which the corporate limits of all cities having populations of not less than 200,000 nor more than 300,000 according to the last federal decennial census may be reduced.

## "BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

"Section 1. This Act shall apply only to cities having populations of not less than 200,000 nor more than 300,000 according to the last or any subsequent federal decennial census.

"Section 2. Certain territory which has heretofore been or may hereafter be annexed in the manner authorized in Code of 1940, Title 37, Chapter 5, Article 2, to any such city in lots or tracts of more than forty acres may be excluded from such city and the corporate limits of such city rearranged for this purpose in the manner hereinafter prescribed. Upon receipt of a petition, signed by not less than three-fifths of the qualified electors residing in the territory to be excluded or by the owners of at least three-fifths of the land therein, the council or other governing body of the city shall by resolution reduce the corporate limits of the city by excluding therefrom the territory described in the petition, provided that: (1) the territory was annexed to the city not less than three years prior to the filing of the petition; (2) municipal services are not being provided therein; (3) all territory excluded is contiguous; (4) all the territory thereafter remaining within the corporate limits will continue to be contiguous; and (5) the territory so excluded is only that part in excess of forty acres, which had theretofore been annexed at one time.

"Section 3. Upon passage of such a resolution, the mayor or other chief executive officer of any city, desiring to exclude territory pursuant to this Act, shall certify a copy of the petition and a copy of the governing body's resolution, together with a map or plat correctly defining the corporate limits thereby established, and file the same with the judge of probate of the county in which the city lies.

"Section 4. Upon the filing pursuant to Section 3 of the documents there listed with him the judge of probate shall make an order, which must be entered upon the minutes of the probate court, approving the establishment of said corporate limits as outlined in the resolution and map, and order that the map or plat be recorded in an appropriate record in his office.

"Section 5. The map or plat, the record thereof, or a certified copy therefrom, shall be evidence in any court of this state as to the proper boundaries of the city or town.

"Section 6. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

"Section 7. All laws or parts of laws which conflict with this Act are repealed. However, this Act shall not limit the application nor repeal Code of Alabama 1940, Title 37, Chapter 5, Article 6.

"Section 8. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law."

The Senate of Alabama
State Capitol
Montgomery, Alabama
Gentlemen:

In response to Senate Resolution 18, we submit the following:

All of the questions are answered in the negative except Question 3 which is answered in the affirmative. Brief reasons for our answers to each of the six questions follow:

■ 1. It is generally held that the Legislature, in the absence of specific constitutional limitations, has the power to detach, or authorize the detachment of, territory from municipalities. 62 C.J.S. Municipal Corporations § 48, p. 139; 37 Am. Jur., Municipal Corporations, § 35, p. 652; Annotation 117 A.L.R. 268. This principle is recognized and stated in Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So.2d 757. See Punke v. Village of Elliott, 364 Ill. 604, 5 N.E.2d 389.

■ We have held that the State, through its Legislature, at its pleasure, may modify or withdraw all the governmental powers of a municipality, may expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the State is supreme, and its legislative body, conforming its action to the State Constitution, may do as it will, unrestrained by any provision of the Constitution of the United States. Although the inhabitants and property owners may, by such changes, suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right, by contract or otherwise, in the unaltered or continued existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences. The power is in the State, and those who legislate for the State are alone responsible for any unjust or oppressive exercise of it. City of Birmingham v. Norton, 255 Ala. 262, 50 So.2d 754; City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61; Hunter v. City of Pittsburg, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151. Proposed Senate Bill 122 is not in conflict with the declaration in Section 2 of the Constitution that all political power is inherent in the people.

■ 2. Section 21 of the Constitution provides: "That no power of suspending laws shall be exercised except by the Legislature." Here the Legislature is only providing an additional method by which the corporate limits of cities of 200,000 to 300,000 may be reduced under very limited circumstances. The Legislature has already given one remedy, Tit. 37, §§ 237–250, and under its plenary power it can provide for additional or alternative methods, and condition their use to cities meeting certain classifications or requirements. Punke v. Village of Elliott, 364 Ill. 604, 5 N.E.2d 389; Hunter v. City of Tracy, 104 Minn. 378, 116 N.W. 922. Proposed Senate Bill 122 does not conflict with Section 21 of the Constitution.

■ 3. The requirement in Section 45 of the Constitution that each law shall contain but one subject contemplates that if the title and the body of the act, construed together, show a single purpose, and relate to a single subject, and the grant of power is germane to that subject, such act does not offend the Constitution. City of Birmingham v. Norton, 255 Ala. 262, 50 So.2d 754; Dearborn v. Johnson, 234 Ala. 84, 173 So. 864. Senate Bill 122 conforms to Section 45 of the Constitution.

■ 4. Our cases make it clear that classification on a population basis cannot

make an act general instead of local where the act presents a double classification or other limitations hedging it about so as to prevent its operation in all cities now or hereafter coming within the population classification or where future legislation is required to make the classification applicable to all cities. City of Birmingham v. Samford, 274 Ala. 367, 149 So.2d 271, and cases there cited. See Smith v. Lancaster, 269 Ala. 579, 114 So.2d 568; Opinion of the Justices, 275 Ala. 465, 156 So.2d 151.

■ It is very doubtful if this act could ever apply to any city except Mobile without a future legislative change in some of the conditions in Section 2 of the act. We cannot agree that Senate Bill 122 is a general bill under Section 110 of the Constitution.

■ 5. Section 104(18) of the Constitution expressly provides that local laws may be passed altering or rearranging the boundaries of cities, towns or villages, and we have so held, Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So.2d 757; In re Opinion of the Justices, 249 Ala. 312, 31 So.2d 309; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373. Of course, Senate Bill 122 cannot be legally enacted as a local law because the published notice required by Section 106 of our Constitution apparently has not been made.

■ 6. Under the plenary powers of the Legislature in dealing with municipal corporations in the State, the provisions in Senate Bill 122 do not, in our opinion, contravene the equal protection and due process clauses of the Constitution of the United States. See Annotation 117 A.L.R. 285, citing Town of Falls Church v. County Board, 166 Va. 192, 184 S.E. 459.

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice

THOMAS S. LAWSON

ROBERT T. SIMPSON

JOHN L. GOODWYN

PELHAM J. MERRILL

JAMES S. COLEMAN, JR.

ROBERT B. HARWOOD

Justices