The appellant, Jean W. Gentile, was arrested by Guntersville police officer James Patterson on September 14, 1990, and was charged with violating municipal ordinance No. 552 (§32-5A-191(a)(2), Code of Alabama 1975). The appellant was adjudged guilty as charged in the municipal court on November 26, 1990. She then appealed to the Circuit Court of Marshall County, Alabama, for a trial de novo. On April 19, 1991, the appellant appeared in circuit court and withdrew her plea of not guilty and entered a plea of guilty, but she preserved her right to appeal. She was found guilty, was fined $300, and was ordered to serve 10 days in the municipal jail, which was suspended. She was placed on unsupervised probation for six months. She was also ordered to complete DUI school.
 I
The appellant contends that the Alabama Uniform Traffic Ticket and Complaint ("U.T.T.C.") relied upon by the municipal court and the complaint filed against the appellant in the circuit court on appeal are both vague and fail to apprise the appellant of the charges she must defend against.
The specific part of the U.T.T.C. and the complaint that the appellant argues is vague, alleges that the appellant "[d]id drive or be in actual physical control of a vehicle while under the influence of alcohol." Specifically, the appellant contends that the term "drive" and "being in actual control" are not synonymous. Thus, she argues that the above language charges two separate and distinct offenses.
However, a review of the previous holdings of this court reveals that her argument is meritless. In Abbott v. State,494 So.2d 789, 791 (Ala.Cr.App. 1986), the U.T.T.C. charged the appellant with "driving while under the influence of alcohol."Id. "On appeal to circuit court the district attorney's complaint charged that the appellant did on or about November 13, 1983 . . . drive or was in actual physical control of a vehicle while under the influence of alcohol, in violation of §32-5A-191, Code of Alabama 1975. . . ." Id. This court held that there was "no change in the nature of the prosecution against the appellant on appeal to the circuit court." Id.
Also, this court in Sisson v. State, 528 So.2d 1151, aff'd Exparte Sisson, *Page 810 528 So.2d 1159 (Ala. 1988), held that: "the use of the 'actual physical control language' in the district attorney's complaint did not constitute a 'change in the nature of the prosecution against the appellant on appeal to the circuit court.' "Sisson, at 1153.
Furthermore, this court has held that a complaint that substantially tracks the language of the statute is sufficient to inform the defendant of the charges against which he must defend. State v. Franklin, 541 So.2d 593 (Ala.Cr.App. 1989).
The indictment in this case reads as follows:
 "JEAN W. GENTILE, whose name to the affiant is otherwise unknown, did unlawfully drive or be in actual physical control of a vehicle while under the influence of alcohol in violation of § 32-5A-191(a)(2), Code of Alabama, 1975, as last amended, contrary to the provisions of Ordinance No. 552, duly adopted and ordained by the Mayor and City Council of the City of Guntersville, Alabama, which said Ordinance adopted misdemeanors under the laws of the state of Alabama, prior to the commencement of said act or acts and prescribed the punishment for violations thereof." (R. 1.)
Section 32-5A-191, Code of Alabama 1975, reads in pertinent part:
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
". . . .
"(2) Under the influence of alcohol."
The complaint clearly tracks the words of the statute and is not vague or indefinite. Furthermore, this court has held that adding the words "or was in actual physical control of a vehicle" does not change the nature of the offense. SeeAbbott, supra.
The complaint against the appellant is not vague or indefinite, nor does it fail to apprise her of the accusation against her. The arresting officer completed the U.T.T.C. form as required by Rule 19, Alabama Rules of Judicial Administration, which served to inform the appellant of the charges against her and which was sufficient to allow her to frame a defense.
 II
The appellant next contends that the statute providing for the prosecution of persons driving under the influence of alcohol, § 32-5A-191, Code of Alabama 1975, is "duplicitous, vague, and indefinite, and is violative of the State Constitution." Specifically, the appellant contends that the bill which was subsequently enacted and codified at § 32-5A-191
is unconstitutional because it violates Article IV, Section 45, of the Constitution of Alabama 1901, in that it contains more than one subject. The appellant argues that 32-5A-191(a) contains 10 different subjects.
Section 32-5A-191(a) reads as follows:
 "§ 32-5A-191. Driving while under influence of alcohol, controlled substances, etc.
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
 "(1) There is 0.10 percent or more by weight of alcohol in his blood;
"(2) Under the influence of alcohol;
 "(3) Under the influence of a controlled substance to a degree which renders him incapable of safely driving;
 "(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him incapable of safely driving; or
 "(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him incapable of safely driving."
The Alabama Supreme Court in Opinion of the Justices,294 Ala. 555, 319 So.2d 682 (1975), answered this question concerning a bill that contained more than one subject as follows:
 "(1) DOES THE BILL CONTAIN MORE THAN ONE SUBJECT IN VIOLATION OF SECTION 45 OF THE CONSTITUTION?
"We answer this in the negative. *Page 811 
 "The purposes of the 'single subject' requirement Const. of Ala., 1901, § 45, are generally stated as: (a) notification to the public of the nature of the pending legislation; (b) avoidance of fraud on the legislature by inadvertent passage of provisions not related to the title; and (c) prevention of logrolling legislation. Boswell v. State, 290 Ala. 349, 276 So.2d 592, appeal dismissed 414 U.S. 1118, 94 S.Ct. 855, 38 L.Ed.2d 747 (1973). The title of a bill need not specify every provision contained. The 'one subject' test of § 45 is satisfied when the bill's provisions are all referable to and cognate of the subject of the bill. Boswell, supra; Opinion of the Justices, 275 Ala. 254, 154 So.2d 12 (1963). We are of the opinion that there is but one general subject in the bill: Authorizing joint ownership by municipalities, electric cooperatives, and electric boards of systems and facilities for the generation, transmission, transformation, and distribution of electric power and energy. In our opinion all provisions of the bill are referable to that subject."
294 Ala. 555 at 564, 319 So.2d at 691-92.
Furthermore, the Alabama Supreme Court in City of Birminghamv. Norton, 255 Ala. 262, 50 So.2d 754 (1950), while quotingJohnson v. Robinson, 238 Ala. 568, 192 So. 412 (Ala. 1939), held that:
 "The language of the Constitution, 'Each law shall contain but one subject, which shall be clearly expressed in its title,' contemplates that in its application the court must not only look at the title but must consider the body of 'Each law' in ascertaining the subject thereof; and if 'the title and the body of the act, construed together, show a single purpose, and relate to a single subject,' and the grant of power is germane to that subject, such act does not offend the Constitution. Judson v. City of Bessemer, 87 Ala. 240, 6 So. 267, 4 L.R.A. 742."
City of Birmingham v. Norton, 255 Ala. 262, 267, 50 So.2d 754,758 (Ala. 1950).
From the bill enacting § 32-5A-191, an average person would be informed of the purpose of the statute. The title and the body of the bill that became § 32-5A-191 when construed together, show a single purpose and relate to a single subject. The appellant's argument is without merit.
For the above-stated reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.